LEMMON, Judge.
This appeal asks whether under the circumstances of this case a garnishee had “in his possession property belonging to the judgment debtor” within the contemplation of C.C.P. art. 2415. We affirm the trial court’s ruling that the funds were not in the possession of the garnishee and therefore were not seized by service of plaintiff’s garnishment under C.C.P. art. 2411.
The garnishee had bought a hotel from the judgment debtor, for a certain amount of cash and assumption of existing mortgages, under the conditions that the garnishee’s attorney would act as Notary Public, would receive the entirety of the cash portion of the sale price to pay the seller’s privileged creditors, and would pay any balance to the seller’s ordinary creditors either directly, if the seller could work out a proration agreeable to those creditors, or indirectly, by depositing the balance into an appropriate court. At the time the garnishment was served the notary had paid the privileged creditors and was holding $20,000.00 for payment to the seller’s ordinary creditors.
Under these circumstances the garnishee-buyer had paid the purchase price to the notary handling the sale and had di *527 vested itself of possession and control of the funds. The notary was simply holding the judgment debtor’s funds (irrevocably paid by the gárnishee) for distribution to the judgment debtor’s ordinary creditors in accordance with a pre-sale agreement between the judgment debtor-seller and the garnishee-buyer. For its own protection, the garnishee had perhaps bargained earlier for this agreement as to how the sale price would ultimately be distributed, but at the pertinent time the garnishee had paid the cash portion of the sale price, had assumed the existing mortgages, and had received the property sold. The funds were therefore not in the garnishee’s possession within the contemplation of C.C.P. art. 2415, nor were the funds even under the garnishee’s control within the contemplation of C.C.P. art. 2411.
While the notary was the garnishee’s attorney at law at all times, the attorney-client relationship did not entitle the garnishee to those funds in the attorney’s hands, -not even if the garnishee fired the attorney. The attorney did not possess the funds for the garnishee, nor were the funds in his possession any longer subject to the garnishee’s control. The garnishee therefore did not possess or control those funds.
The trial court could not have obliged the notary to deliver those funds to the sheriff under C.C.P. art. 2415 by an order to his client, the garnishee. Since the notary was never made a garnishee, he was not personally subject to such an order.
As to plaintiff’s contention that the notary had discretionary control as to which ordinary creditors would participate in the proceeds of the sale, we cannot agree that the notary had the right to decide which creditors to pay. According to the undisputed conditions of the sale, he was required to pay all privileged creditors first and further required to then pay all ordinary creditors by a prorated schedule (if all consented) or by deposit into court registry. He was merely a depositary of the judgment debtor’s funds, perhaps subject to garnishment himself, but not authorized by the agreement between the judgment debtor and the garnishee to pay ordinary creditors on a selective basis.
The judgment is affirmed.